UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Tiffany Coleman, Keli Swann, and Heather Brooke, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>Britax Child Safety, Inc.,<br><br>                Defendant. | Case No.: 0:21- cv-00721-sal<br><br>**ORDER** |

This matter is before the court on the Plaintiffs Tiffany Coleman, Keli Swann, and Heather Brooke's motion for preliminary approval of class action settlement and for conditional certification of the settlement class, ECF No. 119. Defendant Britax Child Safety, Inc. does not oppose the motion. In accordance with Rule 23(e), FRCP, the court has considered the Settlement Agreement executed on behalf of Plaintiffs and Britax, ECF No. 119-3. Upon review of the proposed Settlement and Plaintiffs' motion, the court grants the motion, subject to further consideration at the final approval hearing provided for below.

IT IS THUS ORDERED that the Settlement is PRELIMINARILY APPROVED but is subject to further consideration at the Final Approval Hearing provided for below. The court further finds and orders as follows:

1. Unless otherwise indicated, all terms and definitions used in this Order have the same meanings as set forth in the Settlement Agreement.

2. The court has jurisdiction over the subject matter of this Action and over all Parties to the Action.

### Preliminary Approval of Settlement

3. The court preliminarily approves the Settlement as fair, reasonable, and adequate such that notice of the Settlement should be given to the Settlement Class.

4. The Settlement was the result of the Parties' good-faith negotiations and was entered into by experienced counsel and only after extensive arm's-length negotiations with the aid of an experienced mediator and without collusion.

5. The extensive discovery, class certification briefing, and *Daubert* motion practice that occurred before the Parties reached the compromise reflected in the Settlement gave counsel an opportunity to adequately assess the strengths and weaknesses of the claims in the Action and to reach a resolution that adequately accounts for those strengths and weaknesses.

6. The Settlement falls well within the range of reason, has no obvious deficiencies, and does not unreasonably favor the named Plaintiffs or any segment of the proposed Settlement Class.

7. Because the Settlement meets the standards for preliminary approval, the court preliminarily approves all terms of the Settlement, including all exhibits attached thereto.

### Preliminary Class Certification for Settlement Only

1. The court preliminarily certifies the Settlement Class, as set forth in paragraph S of the Settlement Agreement and defined as follows, for the purpose of this settlement only pursuant to Rule 23(b)(3), FRCP: "All natural persons who purchased, not for resale, any Booster Seat in the United States from March 12, 2015, to the date of entry of the Preliminary Approval Order." Excluded from the Settlement Class are (i) Britax; (ii) Britax's parents, subsidiaries, affiliates, officers, directors, investors, and employees; (iii) any entity in which Britax has a controlling interest; and (iv) the judge presiding over this Action, their staff, and the members of the judge's

immediate family. Booster Seat is defined as any of the following Britax belt-positioning booster seats sold in the United States between March 12, 2015, and the date of entry of this Order: Highpoint, Midpoint, Parkway SG, Parkway SGL, and Skyline.

2.     The court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class and will continue to do so; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

3.     If the Settlement is not finally approved by this court, or if such final approval is reversed or materially modified on appeal by any court, this order (including, but not limited to, the certification of the Settlement Class) shall be vacated, null and void, and of no force or effect, and Britax and Plaintiffs shall be entitled to make any arguments for or against certification for litigation purposes.

4.     The court appoints Jonathan Cohen and Martha Geer of Milberg Coleman Bryson Phillips Grossman, PLLC as Settlement Class Counsel for the Settlement Class.

5.     The court appoints Tiffany Coleman, Keli Swann, and Heather Brooke as adequate representatives of the Settlement Class.

6.     The court appoints Angeion Group, LLC as the Settlement Administrator to supervise and administer the Notice Plan, establish and operate a Settlement Website, and administer the Claims process, including the determination of Valid Claims, distribution of the

class benefit to Valid Claimants according to the criteria set forth in the Settlement, and performance of any other duties of the Settlement Administrator provided for in the Settlement. The court finds that Angeion Group has the experience and qualifications to perform the tasks set forth therein.

### Approval of Notice Plan

7. The court approves the form and content of the Claim Forms (Exhibit A to the Settlement) and the Notice documents (Exhibits B-D to the Settlement Agreement). The court finds that the Notice Plan, the Detailed Notice, Email Notice, Postcard Notice, and the online media campaign provided for in Section 7.3.5 of the Agreement will constitute the best notice practicable under the circumstances and will satisfy the requirements of Due Process, Fed. R. Civ. P. 23(c)(2)(B), and Fed. R. Civ. P. 23(e)(1). The court thus approves the Notice Plan, the Detailed Notice, the Email Notice, the Postcard Notice, the online media campaign, and the Claim Forms. The court authorizes the Settlement Administrator to make non-material modifications to the Notice documents and Claim Forms if the Parties jointly agree that any such changes are appropriate. The court also approves payment of notice costs as provided in the Settlement.

8. Notice to the Class shall commence within forty-five (45) days from the entry of this Order (the "Notice Date").

### Exclusion from Class, Objections to Settlement, and Making Claims

9. Any Settlement Class members who do not wish to participate in the Settlement Class may ask to be excluded. All requests to be excluded from the Settlement Class must be in writing, sent to the Settlement Administrator at the address set forth in the Settlement Class Notice, and postmarked on or before the opt-out deadline, which is ninety (90) days after the Notice Date.

10. Any Settlement Class Member who has not previously submitted a request for exclusion may object to the Settlement and appear at the Final Approval Hearing to support or oppose the approval of the Settlement if the Settlement Class Member submits the objection as required by the Settlement on or before the objection deadline, which is ninety (90) days after the Notice Date.

11. Any Settlement Class Member who does not object in the manner provided in the Settlement shall be deemed to have waived such objections and shall forever be foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed Settlement and any judgment approving the Settlement.

12. To be entitled to receive a class benefit, Settlement Class Members must accurately and timely submit a Claim Form and any required documentation according to the criteria set forth in the Settlement within ninety (90) days after the Notice Date

## Motion for Award of Attorneys' Fees and Service Payments and Motion for Final Approval

13. Settlement Class Counsel shall file their motion for an award of attorneys' fees, inclusive of costs and expenses, and Settlement Class Representative Service Awards within forty-five (45) days after the Notice Date.

14. Settlement Class Counsel shall file their Final Approval Motion by January 21, 2024. Plaintiffs or Britax shall simultaneously file with the court a declaration from the Settlement Administrator: (a) indicating the number of requests for exclusion submitted by Class Members as of that date; and (b) attesting that Settlement Class Notice was disseminated in a manner consistent with the terms of this Settlement and the Class Action Fairness Act, 28 U.S.C. §1711 *et seq.*, or those otherwise required by the Court.

15. The Final Approval Hearing will take place on February 6, 2024, at 10:00 a.m. to determine whether the Settlement Class should be certified for purposes of the Settlement; whether the proposed Settlement should be approved as fair, adequate, and reasonable; whether a judgment should be entered finally approving the Settlement; and whether Settlement Class Counsel's application for attorneys' fees, expenses and Settlement Class Representative Service Awards should be approved.

16. The court stays all deadlines in the Fifth Amended Scheduling Order, ECF No. 111, until the court issues a final decision as to the proposed settlement. If the court does not grant final approval of the proposed Settlement at the February 6, 2024, hearing the parties must submit to the court a proposed amended scheduling order to govern the remainder of the matter no later than February 7, 2024. The court also grants the parties' joint motion to hold its motions to certify the class and exclude expert opinion in abeyance, ECF No. 112.

## Use of this Order

17. As set forth in the Settlement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference against either Party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of Britax to the Class Representatives, the Settlement Class, or anyone else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action; (iv) that Britax agrees that a litigation class is proper in this Action; (v) of any damages or lack of damages suffered by the Class Representatives, the Settlement Class, or anyone else; or (vi) that any benefits obtained by Settlement Class Members pursuant to the Settlement or any

6

other amount represent the amount that could or would have been recovered in this Action against Britax if it was not settled at this point in time.

18. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, including but not limited to, the judgment and the release of the Released Claims provided for in the Settlement and the judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement.

19. The court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

August 25, 2023
Columbia, South Carolina

Sherri A. Lydon
United States District Judge