UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Tiffany Coleman, Keli Swann, and Heather Brooke, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Britax Child Safety, Inc.,<br><br>    Defendant. | Case No.: 0:21-cv-00721-SAL<br><br>**ORDER** |

This matter is before the court on the Plaintiffs Tiffany Coleman, Keli Swann, and Heather Brooke's unopposed motion for final approval of settlement [ECF No. 130] and unopposed motion for attorneys' fees, costs, expenses, and service awards [ECF No. 128]. For the reasons below, the court grants both motions.

On August 25, 2023, the court granted Plaintiffs' motion for preliminary approval of the Settlement with Defendant Britax Child Safety, Inc. and conditionally certified the Settlement Class ("Preliminary Approval Order"). [*See* ECF No. 123.] Plaintiffs gave adequate notice to the Settlement Class and the court has considered: (1) the Settlement Agreement and Release and the attached exhibits [ECF No. 119-3] (the "Settlement Agreement"); (2) Plaintiffs' Unopposed Motion for Final Approval of the Settlement Agreement (the "Motion"), along with its accompanying declarations and other materials; (3) Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees, Costs, Expenses, and Service Awards; and (4) the arguments presented to the court at the Fairness Hearing that took place on February 6, 2024, the court concludes that the Settlement is fair, reasonable, and adequate, and in the best interest of the Settlement Class.

Therefore, it is hereby **ORDERED** as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order have the same meanings as set forth in the Settlement Agreement, unless otherwise provided.

2. The court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. The court previously found that the requirements of Rule 23(a) and 23(b)(3) have been satisfied when conditionally certifying the Settlement Class in its Preliminary Approval Order. [*See* ECF No. 123.] The court incorporates its findings from the Preliminary Approval Order and finds that the Settlement Class continues to meet the requirements of Rule 23(a) and 23(b)(3), and therefore, the class is unconditionally certified for purposes of this Settlement and defined as: All natural persons who purchased, not for resale, any Booster Seat in the United States from March 12, 2015, to August 25, 2023 ("Settlement Class Members").

4. Booster Seat is defined as any of the following Britax belt-positioning booster seats sold in the United States between March 12, 2015, and August 25, 2023: Highpoint, Midpoint, Parkway SG, Parkway SGL, and Skyline.

5. Excluded from the Settlement Class are (i) Britax; (ii) Britax's parents, subsidiaries, affiliates, officers, directors, investors, and employees; (iii) any entity in which Britax has a controlling interest; and (iv) the judge presiding over this Action, her staff, and the members of the judge's immediate family.

6. The manner and form of notice (the "Notice Plan") set forth in the Settlement Agreement and approved in the Preliminary Approval Order was initiated and completed with diligence by the appointed Settlement Administrator, Angeion Group, LLC. This Notice Plan

provided the best notice practicable under the circumstances and satisfies the requirements of Federal Rule of Civil Procedure 23 and due process.

7.      As required by Rule 23(e) and due process, the court finds that the terms and conditions of the Settlement are fair, adequate, and reasonable when balanced against the probable risks, expense, and delay of further litigation.

8.      In finding that the Settlement is fair and reasonable, the court considered the factors set forth in Rule 23(e)(2)(A) (whether "the class representatives and class counsel have adequately represented the class"); Rule 23(e)(2)(B) (whether the settlement "was negotiated at arm's length"); and Rule 23(e)(2)(D) (whether "the proposal treats class members equitably relative to each other"). The court finds that the Class Representatives and Class Counsel have adequately represented the class, that the Settlement was negotiated at arm's length, and that the Settlement treats Settlement Class Members equitably relative to each other based on whether they have proof of purchase.

9.      As required by *In re Lumber Liquidators*, 952 F.3d 471, 484 (4th Cir. 2020), the court also considered with respect to fairness, (1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel in the area of class action litigation.

10.     The court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel who have significant experience in class action litigation, including specifically cases involving consumer fraud claims. The Settlement is the result of adversarial, arm's-length negotiations between the Parties. At the time that the Settlement was negotiated, counsel were reasonably able to evaluate the Parties' respective positions. This Settlement will avoid substantial additional costs to all parties, as well as the delay and risks that

would be presented by further prosecution of this Action.

11. In order to determine that a settlement is adequate, the court must review the four factors set out in Rule 23(e)(2)(C) and the five factors set out in *In re Lumber Liquidators*, 952 F.3d 471, 484 (4th Cir. 2020).

12. Rule 23(e)(2)(C) requires that the court consider: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified."

13. The *Lumber Liquidators* factors include (1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendant and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement.

14. With respect to Rule 23(e)(2)(C)(i) and the *Lumber Liquidator* factors, the court finds that Plaintiffs would face significant risks and expense if the case proceeded especially given the Parties' expected heavy reliance on expert testimony and the complexity of the claims. Class certification and summary judgment have yet to be decided and even if Plaintiffs prevailed on those motions, there would be no assurance that they would prevail at a likely expensive trial. Plaintiffs would also potentially face both interlocutory and final appeals and even further proceedings on remand. The court has also considered the limited number of requests for exclusion submitted by Settlement Class Members and the lack of any objections at all to the Settlement. These factors all weigh in favor of finding the Settlement adequate and granting final approval.

15. As for Rule 23(e)(2)(C)(ii), the proposed method of processing class-member

claims and ultimately distributing relief to Settlement Class Members as set forth in the Settlement Agreement is adequate. In particular, the Settlement ensures that any Claimants whose claim is denied will receive notice of the denial and an opportunity to challenge that denial. *See, e.g., Lea v. Tal Educ. Grp.*, 2021 WL 5578665, at *11 (S.D.N.Y. Nov. 30, 2021) (finding method of processing claims effective when the Claims Administrator was required to "process the claims under Lead Counsel's guidance, allow Claimants an opportunity to cure claim deficiencies or request the Court to review their claim denial, and, lastly, mail Authorized Claimants their pro rata share of the Net Settlement Fund . . . after Court approval").

16.     The court approves the method of allocation and distribution of the Cash Minimum Fund as set forth in paragraph 3.2.3 of the Settlement Agreement. Further, to the extent the Cash Minimum Fund is not exhausted, the funds will not be returned to Defendant Britax, but rather the remaining amount "shall be (i) paid to *cy pres* non-for-profit organizations of the Parties' collective choosing and related to the subject matter of the litigation (including, but not limited to, Safe Kids Worldwide), and/or (ii) used to fund third parties' research and development and/or educational car seat campaigns." ECF No. 119-3 ¶ 3.2.3.4. The Parties shall submit the names of the proposed *cy pres* recipients to the court for approval.

17.     With respect to Rule 23(e)(2)(C)(iii), requiring consideration of the terms of the proposed award of attorneys' fees, including timing of payment, the court finds that the proposed amount of $450,000 encompassing both attorneys' fees and expenses and the timing of the payment (after the end of the litigation and simultaneously with payment of Class Benefits to Settlement Class Members) is reasonable.

18.     Lastly, Rule 23€(2)(C)(iv) necessitates consideration of "any agreement required to be identified under Rule 23(e)(3)." Specifically, "[t]he parties seeking approval must file a

statement identifying any agreement made in connection with the proposal." As stated in Paragraphs 32-33 of the Geer Declaration in Support of Final Approval, the parties have not entered into any further agreements beyond the Settlement Agreement and have only agreed to further details regarding the implementation of the non-monetary benefits set forth in Paragraph 3.3.3 of the Settlement Agreement.

19. The court finds that the factors set forth in Rule 23(c)(2)(C) and the *Lumber Liquidators* factors establish that the Settlement is adequate. The court, therefore, grants final approval of the Settlement under Rule 23(e) as fair, reasonable, and adequate.

20. Accordingly, the court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions contained in this Order. Except as to any individual claim of those persons identified in Exhibit A to the Declaration of Steven Weisbrot, Esq. of Angeion Group, LLC (the list of Settlement Class Members, who have submitted valid and timely requests for exclusion from the Settlement Class), which is also attached as Exhibit 1 to this Order, the court hereby dismisses all claims asserted by the Plaintiffs and the Settlement Class with prejudice in accordance with the terms of the Settlement Agreement.

21. The court appoints Angeion Group, LLC to continue to serve as the Settlement Administrator and complete the tasks, responsibilities, and duties set forth in the Settlement Agreement.

22. Plaintiffs shall submit a status report within 90 days after the entry of this Order.

23. Upon the Effective Date (as defined in Section 11 of the Settlement Agreement), and as provided in the Settlement Agreement, Plaintiffs and each of the Settlement Class Members who did not timely request exclusion, by operation of this Judgment shall be deemed to have fully,

finally, and forever released, relinquished, and discharged all claims against the Released Persons as set forth in Section 10 of the Settlement Agreement.

24.  Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any claim released herein, or of any wrongdoing or liability of the Released Persons; (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Settlement Agreement and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

25.  With respect to Plaintiffs' Motion for Final Approval of Attorneys' Fees, Costs, Expenses, and Service Awards, the court has thoroughly considered the Parties' arguments, the lack of objections to Plaintiffs' motion, and the applicable law and finds that this case warrants an award of $450,000 in attorneys' fees and expenses.

26.  The court further approves service awards of $2,500 to each of the Plaintiffs (Class Representatives).

27.  The Attorneys' Fees and Expense Payment and Service Awards shall be paid within twenty-one (21) days after the Effective Date as defined in the Settlement Agreement.

28.  Without affecting the finality of this Final Order and Judgment, the court expressly retains jurisdiction over Britax, Plaintiffs, and Settlement Class Members as to all matters relating to the implementation, enforcement, construction, and interpretation of the Settlement Agreement

and the Final Order and Judgment.

**IT IS SO ORDERED.**

March 25, 2024                                                                    Sherri A. Lydon
Columbia, South Carolina                                          United States District Judge